Deaderiok, J.,
delivered the opinion of the court.
This action of ejectment was brought by Louis Grey, the ancestor of the plaintiffs in error, in the Circuit Court of Obion County, and was transferred,, by change of venue, to the Circuit Court of Weakley County.
The plaintiffs in error claim the land by virtue of a grant to their said ancestor, Lewis Grey, for five hundred acres, dated October 1, 1856.
The defendants, except Wyatt, claim under grant No. 327, of the State of North Carolina, to John G. and Thomas Blount, for one thousand acres, dated July 10, 1789. '
It is not controverted that Grey’s grant covers the land in dispute. The main controversy arises upon the locality of the south-west corner, and the south line of the grant, No. 327, under which the defendants claim.
*85 The calls of the grant, ISTo. 327, are, — “Beginning at a hickory and poplar corner; thence, east with Nash’s line, 125 poles (chains), to a hickory, Nash’s corner,” etc. *
There is testimony tending to show that the “hickory and poplar corner” stood 80 poles north of the point claimed by the defendants as the beginning corner, and that distance north of the line designated as .Nash’s line. And it has been very earnestly argued, for the plaintiffs in error, that this fact is so satisfactorily established by the evidence, that this court should reverse the judgment below, because there was not sufficient evidence to sustain the finding of the iury-
In this view of the effect of the evidence, we are unable, after a careful examination of it, to concur. Without a recital or discussion of the facts established, it is sufficient to say that we cannot disturb the verdict upon this ground.
The evidence upon the question of boundary is very voluminous, and we are not prepared to say that the jury were not warranted thereby in the conclusion reached by them.
The plaintiffs assign as error the refusal of the court to charge three propositions submitted.
1. That “before a party is permitted to depart from the courses and distances called for in his grant, he must be able to show that the natural object called for has an existence, and was known at the time the call was made.”
In his charge, the court instructed the jury very *86 fully upon this subject. After stating to them that if an object is called for, the line must be extended to reach it if the distance gives out before it is reached, and that the line must stop at the object if it is reached before the distance called for gives out, he added: “ When no object is called for, you must-stop at the number of poles or distance called for. When an object is called for, it must appear from the evidence that the object existed when the calls were made.” So that to have added what he was requested to say, by the plaintiffs, would have been but to repeat what he had already stated, and it was not error to refuse to do this.
The second and third propositions are to the effect that no presumption can arise that grant No. 327 and the Abner Nash grant adjoin, unless such grant to Nash is produced. ,
We do not understand that the defendants must produce the grant to Nash before they can introduce evidence to show the beginning corner and -line of the-grant under which * they claim, although it may call for a corner and line ■ as the corner and line of a grant not produced.
So, the locality of a corner or line known to the witness may be produced by him, without introducing the grant or deed of which it is the corner or line.
It is further insisted that the Circuit Judge erred in stating to the jury that if the boundaries of the Blount tracts are to be established by the processional survey by Blakemore, the record of his work and the evidence of his authority must be produced or ac *87 counted for, — that parol evidence cannot be looked to by" the jury.
Code, sections 2020 to 2024, inclusive, prescribes the mode in which lands shall be processioned, whereby the grantee and the State may be bound by the survey.
The surveyor is required to make a correct plat and certificate of the survey, and return the same to the county register for registration.
This registered certificate, or a copy thereof, is the proper evidence of the proceedings in processioning the land, and such we understand to be the holding of the Circuit Judge. But we do not understand him to have said or meant that parol evidence was inadmissible to show the locality of the line, or the already established and existing boundary of land.
On the trial the Circuit Judge permitted W. A. Chambers, one of the defendants, to testify over the objection of the plaintiffs, and this is assigned as error as being within the spirit of the ■ prohibition of our statute.
The act of 1869-70, ch. 78, sec. 1, provides, that “ no person shall be incompetent to testify because he he or she is a party to, or interested in, the issue tried.”
See. 2 provides, that in actions by or against executors, administrators, or guardians, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called by the opposite party, or by the court, etc.
*88 With the qualifications and restrictions of the section last cited, the act removes from every person incompetency to testify by reason of being a party to the suit, or interested in the issue tried. .
The witness was called upon to testify as to a transaction with Louis Grey, who originally brought the suit, and who is the ancestor of the present plain-tifife, in whose names, as his heirs, it was revived upon his death.
It is argued, very plausibly, that the intention of the Legislature, in making the exceptions to the admissibility of parties interested as witnesses, was to prevent the living from testifying in their own behalf against the dead; and that although the exception does not literally exclude heirs, they are within its spirit and meaning.
Although the heir, upon the death of the ancestor, takes and holds the- realty in his own right; and conceding the existence of the same reasons for excluding a witness against him as for excluding a witness against an executor, administrator, or guardian, yet it may be answered that the statute has not so provided.
The Legislature has expressly enacted that all parties to a suit may testify, except for and against administrators, executors, and guardians, etc. They have the power to enlarge or restrict the excepted cases; but the courts cannot undertake to say that they meant to make the exceptions include any other class of parties than those named.
We do not think there is in the language employed, any thing to warrant us in holding that the *89 statute in question does not express tbe meaning and-intention of the Legislature.
Upon the whole record, we are of opinion that there is no material error, and affirm the judgment.